UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK. CHARLESTON, SC

2005 MAY 25  A 10: 51

Joe L. Linen,                              ) C/A No. 2:05-383-DCN-RSC
                                           )
                    Petitioner,            )
                                           )
vs.                                        )
                                           ) Report and Recommendation
Donald H. Rumsfeld, United States of       )
America Secretary of Defense,              )
                                           )
                    Respondent.            )

## INTRODUCTION

This is a civil action filed by a former military prisoner who currently resides in Georgetown County, South Carolina. Petitioner served seven years of an eleven-year sentence that resulted from a 1998 sexual assault-related United States Army court martial. According to Petitioner, his court-martial sentence "ended on 4 January 2005," after which time he left the State of Kansas where he had been imprisoned and moved to Georgetown County. While incarcerated in the military prison in Kansas, Petitioner pursued two unsuccessful military appeals from his court martial.[1] At the time the sentence in Kansas ended and he was released, Petitioner had a Petition for Writ of Habeas Corpus (in which he attempted to collaterally attack his court martial) fully briefed, answered, and pending ruling before the United States District Court of the District of Kansas. *See* Linen v. McGuire, 5:02-cv-03301-RDR. In his habeas petition, Mr. Linen claimed that the court-martial conviction was void because the presiding officer was unqualified under the applicable statutes and

---

[1] His appeal to the United States Army Court of Criminal Appeals resulted in the affirmance of his conviction and sentence on March 23, 2001. U.S. v. Linen, Case no. 9801162. A petition for review of the Court of Criminal Appeals' decision was denied by the United States Court of Appeals for the Armed Forces on October 5, 2001. U.S. v. Linen, Case no. 01-0542/AR.

regulations, and because unconstitutional trial-testimonial use and pre-trial consideration by investigators of unreliable child-victim hearsay voided the proceeding. Rather than leaving the habeas petition pending in Kansas so that it could be finally adjudicated as he could have done despite his no longer being in custody in that jurisdiction, *see* Betonie v. Sizemore, 496 F.2d 1001, 1005 (5th Cir. 1974)(citing Carafas v. LaVallee, 391 U.S. 234 (1968)(federal courts did not loose jurisdiction to decide pending § 2241 petition filed by court-martialed armed forces personnel while in custody), Petitioner requested and received a voluntary dismissal without prejudice of the Kansas petition after he moved to South Carolina. Approximately one month thereafter, Petitioner filed the *pro se* pleading in this Court that is now before the undersigned magistrate judge for consideration.[2]

Review of the contents of the initial pleading filed in this Court and the petition filed in by Petitioner in the Kansas action discloses that they are virtually identical in substance. The points raised relative to the claims of invalid court martial ARE identical. However, the caption of the initial pleading filed in the United States District Court for the District of Kansas clearly indicated that it was filed as a "Petition for a Writ of Habeas Corpus by Military Prisoner in Federal Custody." The pleading filed in this case does not contain any type of caption, nor does it contain any allegations within the body of the pleading that would inform the Court of the intended jurisdictional basis for his filing. Moreover, Petitioner did not file a civil cover sheet along with his pleading which would have required him, as a *pro se* litigant, to at least provide the Court with some asserted jurisdictional basis for his case. The closing of his pleading states only, "[w]herefore, the petitioner

---

[2]Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

2

prays that this Honorable Court will grant him all relief to which he may be entitled in this proceeding." (Document 1).

When this case was initially filed and submitted for initial review, in deference to long-standing precedent requiring federal court to liberally construe *pro se* pleadings, the undersigned magistrate judge submitted certain special interrogatories to Petitioner in an attempt to clarify whether he was attempting to file this case as a habeas corpus proceeding or as some other form of civil action to collaterally attack the Army court martial.[3] (Document 4). Most particularly, the special interrogatories were tailored to discover whether or not Petitioner remained "in custody" on his court martial sentence while in this jurisdiction so that this case could proceed as one seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 as had the Kansas district court. Petitioner's answers to the special interrogatories indicated that he was not in custody on his court martial sentence here in South Carolina,[4] and that, accordingly, this case should not proceed as one filed pursuant to § 2241. *See* 28 U.S.C. § 2241(c); Pringle v. Court of Common Pleas, 744 F.2d 297, 300 (3d Cir. 1984)(an individual must be "in custody" in order to be eligible for federal habeas corpus relief).

---

[3]Because of the lack of specifics regarding jurisdiction and relief contained in Petitioner's initial pleading, this case was originally docketed as one filed under 42 U.S.C. § 1983, but was then changed on the docket to show a § 2241 cause of action because contents of pleading contained references to the Kansas habeas case and because Mr. Linen called himself "petitioner." However, due to the questionable "in custody" situation, the undersigned believed it necessary to question Petitioner about his custody status so as to make a more informed choice as to the appropriate jurisdictional basis for the case. *See* Monk v. Secretary of Navy, 793 F.2d 364, 368 (D.C. Cir. 1986)(in custody armed services personnel under a court-martial sentence may apply for a writ of habeas corpus either in the district where he is incarcerated or, if different, the district in which his custodian is located).

[4]Petitioner's answers indicated that Petitioner is not serving any type of parole from his court-martial sentence, although he stated that he must register once a year with an individual in Georgetown County and must report to this individual if he leaves the county or if he changes address. (Document 5).

3

Following review of Petitioner's answers to the special interrogatories and, again, out of deference to requirement of liberal construction of *pro se* pleadings, the undersigned concluded that this case *could* proceed in this Court as a collateral attack on Petitioner's court martial conviction and sentence if the initial pleading were construed as a Petition for Writ of Mandamus directed to the Secretary of Army under case law such as Green v. Skulute, 839 F.Supp. 797 (D.Wyo. 1993). Accordingly, the Petition was ordered to be served on the United States Attorney for the District of South Carolina. (Document 6). However, upon further consideration, the undersigned has, *sua sponte*, determined that the allegations contained in the Petition are not sufficiently specific insofar as the claim for relief sought by Petitioner to permit its construction as a Petition for Mandamus. To do so might prejudice Petitioner because if forced to proceed via mandamus, he might, unwittingly, be required to forego certain relief to which he might otherwise be entitled.

Because there are other available judicial actions through which Petitioner can collaterally attack his court-martial conviction, and because only certain types of relief are permitted under each of those other actions, Petitioner should be required to knowingly choose his form of relief and not have the Court choose it for him. Accordingly, because the pleading with which this case was opened is far too vague and lacking in specificity as to Petitioner's desired relief to permit this Court to fairly construe it as either a § 2241 Petition of a Petition for Writ of Mandamus, it is recommended that the United States District Court Judge assigned to this case dismiss it without prejudice. Dismissal without prejudice will permit Petitioner to come back to this Court again with a more specific pleading should he so choose after educating himself on the various types of judicial actions for collateral attack of his court martial available to him.

## DISCUSSION

Research discloses that federal courts have allowed "in custody" service personnel to proceed with petitions for writ of habeas corpus under 28 U.S. C. § 2241 in order to collaterally attack courts martial. *See, e. g.,* Gusik v. Schilder, 340 U.S. 128 (1950); Dodson v. Zelez, 917 F.2d 1250, 1252-53 (10th Cir.1990). This appears to be the basis on which Petitioner was proceeding in Kansas before he requested that his case be voluntarily dismissed. However, when the present or former service person is not in custody on a court martial sentence, the § 2241 petition is not available as a means of collateral attack. *See* Schlesinger v. Councilman, 420 U.S. 738, 745, 747 (1975); Wales v. Whitney, 114 U.S. 564 (1885). For those who are not in custody, federal courts have permitted current or former armed services personnel to collaterally attack courts martial through other forms of judicial action.

For example, in Wise v. Withers, 3 Cranch 331, 2 L.Ed. 457 (1806), in an action for trespass seeking equitable relief against a collector of court-martial fines, the United States Supreme Court held that the plaintiff, a federal official, was exempt from military duty and that the court martial lacked jurisdiction. Additionally, on the basis of the same principle (that the court martial lacked jurisdiction), the Court, early on, approved collateral attack in the form of backpay suits filed in the United States Court of Claims. *See* Runkle v. United States, 122 U.S. 543 (1887); *see also* Shapiro v. United States, 69 F.Supp. 205 (1947). In more modern times, such back-pay suits are often referred to as "Tucker Act" suits. Under the Little Tucker Act, 28 U.S.C. § 1346(a)(2), plaintiffs pursuing backpay claims not in excess of $10,000 may proceed *either* in the Court of Claims *or* in the district court for the district in which they reside. *See* Van Drasek v. Lehman, 762 F.2d 1065, 1068(D.C. Cir.1985)(claim in federal district court or court of claims based on the Tucker Act must

5

(1) seek money (2) not exceeding $10,000 (3) from the United States and (4) be founded either upon a contract or upon a provision of "the Constitution, or any Act of Congress, or any regulation of an executive department can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained."). Furthermore, where it is clear that only equitable relief (such as an order vacating a void court-martial conviction without any request for backpay or other damages) is requested, federal courts also have permitted former armed services personnel to proceed with a collateral attack on the court-martial conviction through an action for a writ of mandamus. *See* Green v. Skulute, 839 F. Supp. at 801; *see also* Hatheway v. Secretary of Army, 641 F.2d 1376 (9th Cir. 1981), *abrogated on other grounds* High Tech Gays v. Defense Indus. Sec. Clearance Office, 895 F.2d 563 (9th Cir. 1990).

In Green v. Skulute, the court emphasized the importance of the nature of relief requested by the current or former service persons in the various types of federal court actions under which court-martial judgments can be collaterally attacked:

> Neither the Court of Claims, nor the district courts under Tucker Act suits, have jurisdiction over complaints seeking equitable relief only. Thus, when the aggrieved party is neither in custody nor seeking a money judgment, as in this case, a petition for mandamus may be used to mount a collateral attack on a court-martial judgment.
>
> A plaintiff [or petitioner] must choose the correct route by which to proceed or she risks dismissal of the action or transfer to another court. If she seeks release from custody, she must proceed by habeas corpus. If she seeks only a correction of records, she may not sue in the Court of Claims but must proceed by mandamus in district court. If she seeks both a correction of records and damages in excess of $10,000, she must sue in the Court of Claims. If she seeks a correction of records and damages not in excess of $10,000, she may sue in the Court of Claims or in the district court in which she resides. If a plaintiff's primary objective is the recovery of money from the

>federal government, she cannot circumvent jurisdiction under the Tucker Act by framing her claims as purely equitable.
>
>In the present case, plaintiff has elected to proceed in district court premising her action on mandamus. This is the correct manner in which to proceed given that she is not seeking release from custody or monetary damages.

839 F. Supp. at 801.

Because Petitioner did not cite to the Tucker Act and did not specifically request an award of back pay from this Court, his pleading is too lacking in specificity to permit its construction as a Tucker Act suit in this Court. Also, because Plaintiff did not specifically request any type of equitable relief such as the vacation of his court-martial conviction and/or restoration of his service rank, his pleading is not sufficiently specific to permit this Court to construe this case as one seeking mandamus relief pursuant to 28 U.S.C. § 1361 or as any general form of action for declaratory judgment under the Court's federal question jurisdiction. *See* 28 U.S.C. § 1331.

Before filing another legal action seeking to collaterally attack his court-martial conviction, Petitioner must determine what, exactly, he wishes this Court (or the Court of Claims) to do for him should he prevail in his apparent desire to have his court-martial conviction found void. He must make his intentions clear in the claim-for- relief section of any initial pleading he files in the future. Without a more specific request for relief in the pleading that opened this case, this Court "is faced with the prospect of rendering an advisory opinion; federal courts may not render advisory opinions, however." Humphreys v. Renner, 1996 WL 88804 (N.D. Cal., February 26, 1996), *following* FCC v. Pacifica Foundation, 438 U.S. 726, 735 (1978)("[F]ederal courts have never been empowered to issue advisory opinions."); *see* Herb v. Pitcairn, 324 U.S. 117, 126 (1945)("We are not permitted to render an advisory opinion[.]"); *see also* Neitzke v. Williams, 490 U.S. at 322-330 (under 28 U.S.C.

7

§ 1915 a claim is frivolous and may be dismissed where it is presented in a patently insubstantial complaint, petition, or pleading). Furthermore, unless Petitioner informs the Court of the jurisdictional basis under which he wishes to proceed and of the specific nature of the relief he seeks, any attempt by the Court to liberally construe his pleading as either one seeking mandamus relief or as one seeking backpay under the Tucker Act runs the risk of thwarting Petitioner's true, but undisclosed, intent in filing his lawsuit.

## RECOMMENDATION

Accordingly, it is, *sua sponte*, recommended that this case be dismissed *without prejudice* and without requiring Respondents to file a return. *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir.1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burdens placed on respondents caused by ordering an unnecessary answer or return); Baker v. Marshall, 1995 WL 150451 (N.D. Cal. March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner's attention is directed to the important notice on the next page.

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

May 24, 2005
Charleston, South Carolina

8

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard., the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

9